UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MUNSON,<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br>ALAN P. MURAD; TREZYIA N. MURAD; FAST FUEL, INC., a California Corporation; and M FUEL I INC., a California Corporation,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  17cv2499-MMA (BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 20] |

On June 26, 2018, the Court entered default judgment in favor of Plaintiff Kenneth Munson ("Plaintiff") and against Defendants Alan P. Murad, Trezyia N. Murad, Fast Fuel, Inc., and M Fuel I Inc. (collectively "Defendants"). *See* Doc. No. 18. The Court awarded $4,000.00 in statutory damages, $600.00 in costs, and injunctive relief. *See id.* at 9. The Court, in its discretion, declined to award attorneys' fees, noting that Plaintiff failed to meet his burden to show entitlement to a fee award. *Id.* at 8. Additionally, the Court declined to award costs in the amount of $200.00 for investigator fees, as Plaintiff failed to provide any authority indicating such costs are recoverable. *See id.* at 9 n.3. Plaintiff now moves for an award of attorneys' fees and costs for the second time, asserting he has supplied the Court with the "requested documentation." Doc. No. 20-1

at 1. The Court, however, has already concluded that Plaintiff is "not entitled to an award of attorneys' fees" and declined to award costs in the amount of $200.00 for investigator fees. Doc. No. 18 at 8. As such, the Court construes Plaintiff's motion as a motion for reconsideration under Federal Rule of Civil Procedure 59. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 21. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for reconsideration.

## DISCUSSION

Plaintiff brought this action against Defendants alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California's Unruh Civil Rights Act (the "Unruh Act"), California Civil Code § 51. *See* Complaint. Courts may award attorneys' fees to a prevailing plaintiff under both the ADA and the Unruh Act. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). In the instant motion, Plaintiff seeks attorneys' fees and costs in the amount of $9,215.00. *See* Doc. No. 20-1 at 13.

### 1. *Legal Standard*

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a judgment by motion. Fed. R. Civ. P. 59(e). A motion to reconsider a judgment under Rule 59(e) seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983)). Rule 59(e) is an extraordinary remedy and, in the interest of finality and conservation of judicial resources, should not be granted absent highly unusual circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59 may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district

court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). To carry the burden of proof, a moving party seeking reconsideration must show more than a disagreement with the Court's decision or a recapitulation of the cases and arguments previously considered by the court. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

### 2. Analysis

The Court previously considered Plaintiff request for attorneys' fees in the amount of $3,982.50. *See* Doc. No. 18 at 7-8. The Court found that Plaintiff did not provide sufficient information for the Court to determine the reasonable hourly rates for the five individuals listed on the billing statement, and failed to demonstrate that the hourly rates requested are reasonable vis-à-vis the rates charged in "the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (internal quotation marks and citation omitted). The Court concluded that Plaintiff has not met his burden and determined that Plaintiff is "not entitled to an award of attorneys' fees." Doc. No. 18 at 8.

Plaintiff does not claim that the Court erred in declining to award fees on this basis. Rather, Plaintiff requests the Court take into account additional information to fashion an award of attorneys' fees. Specifically, Plaintiff submits a newly filed declaration (Doc. No. 20-3), a newly filed billing statement (Doc. No. 20-4), and cites to rates awarded in similar cases in order for the Court to make a fee determination (Doc. No. 20-1 at 5-6).[1] However, a motion for reconsideration "is not a vehicle for . . . taking

---

[1] Notably, the cases Plaintiff supplies for the Court's consideration are all from the Central District of California. "[T]he relevant community is the forum in which the district court sits." *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110 (9th Cir. 2104). As such, even if the Court considered

a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (internal quotation marks omitted). Moreover, a Rule 59 motion may not be used to raise new arguments or present evidence that could have been raised previously. *See Exxon Shipping Co.*, 554 U.S. at 485 n.5.

Further, it is not this Court's practice to permit the moving party leave to amend its initial fee request. *See Linlor v. Nat'l Rifle Ass'n. of Am.*, No. 17-CV-203-MMA (JMA), 2017 WL 3412380, at *3 (S.D. Cal. Aug. 9, 2017) (denying the defendant's request to consider its concurrently filed second application for attorneys' fees); *Uriarte v. Bostic*, No. 15-CV-1606-MMA (PCL), 2017 WL 3387612, at *3 (S.D. Cal. Aug. 7, 2017) (denying the defendants' request for attorneys' fees for failure to provide sufficient information to calculate the applicable lodestar figure); *J&J Sports Prods., Inc. v. Brummell*, No. 15-CV-2601-MMA (MDD), 2016 WL 4595140, at *2 (S.D. Cal. Sept. 2, 2016) (denying the plaintiff's motion for reconsideration regarding attorney's fees where the plaintiff "did not provide adequate support for the requested attorney's fees" in the initial fee request).

With respect to costs, the Court previously awarded $600.00 for filing and service costs. *See* Doc. No. 18 at 9. The Court noted that Plaintiff provided no authority for the recovery of its investigator fees in the amount of $200.00, and declined to award costs for such fees. *See id.* at n.3. Plaintiff does not claim that the Court erred in declining to award investigator costs, but cites to a Ninth Circuit case in support of his renewed request for investigator costs. However, the authority Plaintiff relies on does not stand for the proposition that investigator fees are recoverable. *See Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (noting that litigation expenses are recoverable and include costs such as expert witness fees, travel expenses, and the preparation of exhibits). Thus, Plaintiff fails to set forth a proper ground for reconsideration.

---

the rates awarded in these cases, they do not aid the Court in determining whether the requested rates are in line with the prevailing rates in the Southern District of California.

Finally, even if the Court were to consider the newly submitted information in support of Plaintiff's motion for fees and costs, the significant discrepancies between the former and current billing statements call into question the accuracy and reliability of Plaintiff's request. For example, Plaintiff previously sought an award of attorneys' fees in the amount of $3,982.50 for 10.5 hours of work performed by five individuals. *See* Doc. No. 14-3 at 6.[2] In the instant motion for attorneys' fees, however, Plaintiff seeks an award of $8,935.00 for 24.1 hours of work performed by four individuals. *See* Doc. No. 20-4 at 1.[3] Additionally, Plaintiff now seeks costs in the amount of $880.00, whereas Plaintiff previously sought costs in the amount of $800.00. *See* Doc. No. 14-3 at 5; Doc. No. 20-4 at 1.

In sum, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Plaintiff did not provide adequate support for the requested attorneys' fees or investigator costs in his initial fee request, and Plaintiff fails to set forth a proper ground for reconsideration in the instant motion.

### CONCLUSION

Having reviewed the Court's previous order, the Court is satisfied that it committed no error. Plaintiff has not provided any newly discovered evidence, nor has there been an intervening change in controlling law. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: August 23, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Citations to this document refer to the pagination assigned by the CM/ECF system.

[3] Citations to this document refer to the pagination assigned by the CM/ECF system.